# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAMERON WILSON, on behalf of himself and those similarly situated,<br>326 Main Street, Apt-A<br>Parkesburg, PA 19365<br><br>and<br><br>TOMAYO SHEPHERD, on behalf of himself and those similarly situated,<br>119 Mayfield Drive<br>Coatesville, PA 19320<br><br>       Plaintiffs,<br><br>v.<br><br>RAM-T CORPORATION<br>1121 Downingtown Pike<br>West Chester, PA 19380<br><br>and<br><br>DEBORAH TURNER<br>C/O RAM-T CORPORATION<br>1121 Downingtown Pike<br>West Chester, PA 19380<br><br>       Defendants. | INDIVIDUAL AND COLLECTION ACTION FOR UNPAID OVERTIME UNDER FLSA<br><br>INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME AND UNPAID WAGES UNDER PENNSYLVANIA WAGE ACT AND WAGE PAYMENT AND COLLECTION LAW<br><br>NO:<br><br>**JURY TRIAL DEMANDED** |

## <u>INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT</u>

Named Plaintiff Cameron Wilson and Named Plaintiff Tomayo Shepherd (hereinafter collectively referred to as "Named Plaintiffs"), by and through undersigned counsel, hereby complains as follows against Defendants Ram-T Corporation and Deborah Turner (herein collectively referred to as "Defendants").

## INTRODUCTION

1. Named Plaintiffs have initiated the instant action to redress Defendants' violations of the Fair Labor Standards Act ("FLSA"), and the Pennsylvania Minimum Wage Act and the Pennsylvania Wage Payment and Collection Law (hereinafter the Pennsylvania Minimum Wage Act and the Pennsylvania Wage Payment and Collection Law are collectively referred to as the "Pennsylvania Wage Laws"). Named Plaintiffs assert that Defendants failed to pay all overtime compensation owed to Named Plaintiffs and those similarly situated.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 et seq. This Court has jurisdiction over the state law claims because they are supplemental to the underlying federal claims and arise out of the same transaction or occurrence, having the same common nucleus of operative facts pursuant to 28 U.S.C. §1367(a).

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiff Cameron Wilson (hereinafter referred to as "Name Plaintiff Wilson") is an adult individual with an address as set forth above.

8. Named Plaintiff Tomaso Shepherd (hereinafter referred to as "Named Plaintiff Shepherd") is an adult individual with an address as set forth above.

9. Defendant Ram-T Corporation (hereinafter referred to as "Defendant Ram-T") is a company that operates and conducts business in Pennsylvania.

10. Defendant Deborah Turner (hereinafter referred to as "Defendant Turner") is the owner of Defendant Ram-T.

11. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

13. In addition to bringing this action individually, Named Plaintiffs brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who worked for Defendants as non-exempt, hourly employees at any point during the three years preceding the date the instant action was initiated, who were subject to Defendants' unlawful pay practices and policies discussed herein (the members of this putative class are referred to as "Class Plaintiffs").

14. Named Plaintiffs and Class Plaintiffs are similarly situated, have substantially similar pay provisions and are all subject to Defendants' unlawful policies and practices as discussed infra.

15. There are numerous similarly situated current and former employees of Defendants who were improperly compensated for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

16. Similarly situated employees (i.e. Class Plaintiffs) are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

17. Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## **CLASS ACTION ALLEGATIONS**

18. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

19. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiffs bring their claims to redress Defendants' violations of the Pennsylvania Wage Laws on behalf of themselves and those similarly situated.

20. Specifically, Named Plaintiffs seek to represent a class of all persons who worked for Defendants as non-exempt, hourly employees at any point during the three years preceding the date the instant action was initiated, who were subject to Defendants' unlawful pay practices and policies discussed herein (the members of this putative class are also referred to as "Class Plaintiffs").

21. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiffs do not know the exact size of the class, as such information is in the exclusive control of Defendant; however, upon information and belief, the number of potential class members is over forty (40).

22. Named Plaintiffs claims are typical of the claims of the putative class members, because Named Plaintiffs, like all Class Plaintiffs, were employers of Defendants in Pennsylvania whom Defendants failed to properly compensate for overtime hours worked as required by Pennsylvania Wage Laws.

23. Named Plaintiffs will fairly and adequately protect the interests of the putative class because Named Plaintiffs interests are coincident with, and not antagonistic to, those of the Class. Named Plaintiffs have retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

24. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for

individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

26. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether Defendant improperly failed to properly compensate for overtime hours worked.

## FACTUAL BACKGROUND

27. The foregoing paragraphs are incorporated herein as if set forth in full.

28. Defendant Ram-T is a construction and landscaping company.

29. From in or around mid-April 2016 to in or around September 2016, Named Plaintiff Wilson worked for Defendants as a truck driver.

30. From in or around March 2016 to in or around August 2016, Named Plaintiff Shepherd worked for Defendants as a laborer.

**Named Plaintiffs and Class Plaintiffs were Non-Exempt Employees Under the FLSA and the Pennsylvania Wage Laws**

31. The foregoing paragraphs are incorporated herein as if set forth in full.

32. At all times relevant, Defendants paid Named Plaintiff Wilson hourly wages, not a salary.

33. At all times relevant, Defendants paid Named Plaintiff Shepherd hourly wages, not a salary.

34. At no time did Named Plaintiffs supervise any employees of Defendants.

35. At no time did Named Plaintiffs exercise discretion or independent judgment over matters of significance on behalf of Defendants.

36. Accordingly, Named Plaintiffs were non-exempt employees of Defendants under the FLSA and the Pennsylvania Wage Laws.

37. At all times relevant, Defendants paid Class Plaintiffs hourly wages, not salaries.

38. At no time did/do Class Plaintiffs supervise any employees of Defendants.

39. At no time did/do Class Plaintiffs exercise discretion or independent judgment over matters of significance on behalf of Defendants.

40. Accordingly, Class Plaintiffs were/are non-exempt employees of Defendants within the meaning of the FLSA and the Pennsylvania Wage Laws.

### Failure to Use A "Weighted Average" to Calculate the Regular Rate
### (Named Plaintiffs and Class Plaintiffs v. Defendants)

41. The foregoing paragraphs are incorporated herein as if set forth in full.

42. Named Plaintiffs regularly worked over 40 hours per workweek.

43. Class Plaintiffs regularly worked/work more than 40 hours per workweek.

44. Defendants regularly paid Named Plaintiffs different hourly rates during the same workweek.

45. Specifically, Named Plaintiffs earned different hourly rates depending on whether they were performing work on a prevailing wage job or non-prevailing wage job.

46. For non-prevailing wage jobs, Named Plaintiff Wilson earned $16.50 per hour.

47. For non-prevailing wage jobs, Named Plaintiff Shepherd earned $12.00 per hour.

48. For prevailing wage jobs, Named Plaintiffs earned higher hourly rates.

49. Defendants failed to use a "weighted average" when calculating Named Plaintiffs' regular rate by not adding together all of the remuneration earned by Named Plaintiffs during a workweek and dividing the total by the total number of hours worked by them, which resulted in

Defendants failing to pay at least one and one-half times the regular rate to Named Plaintiffs for all hours worked in excess of 40 hours in each workweek.

50. By way of example only, during Named Plaintiff Wilson's 1-week pay period from April 17, 2016 to April 23, 2016 (a copy of Named Plaintiff Wilson's pay stub for this pay period is attached hereto as Exhibit A):

    a. Named Plaintiff Wilson worked a total of 59.43 hours.

    b. For 28.92 hours spent working on a non-prevailing wage job (designated as "Code 1100" on Named Plaintiff Wilson's pay stub), Defendants paid Named Plaintiff Wilson a rate of $16.50 per hour for a total of $477.18 ($16.50 * 28.92 hours).

    c. For 11.08 hours spent working on a prevailing wage job (designated as "Code 1159" on his pay stub), Defendants paid Named Plaintiff Wilson a rate of $39.86 per hour for a total of $441.65 ($39.86 * 11.08 hours).

    d. For 19.43 hours of overtime (designated as "Code 2200" on his pay stub), Defendants paid Named Plaintiff Wilson a rate of only $24.75 per hour for a total of $480.89 ($24.75 * 19.43 hours).

    e. Accordingly, Defendants paid Named Plaintiff Wilson an overtime premium rate of only $8.25 per hour ($16.50 * 0.5) based on an incorrect regular rate of $16.50 per hour, and thus paid him only $160.30 in overtime premium wages.

    f. In calculating Named Plaintiff Wilson's correct regular rate, Defendants should have used a weighted average by adding together all remuneration (excluding overtime premiums) ($477.18 + $441.65 + $320.60 = $1,239.43) and then dividing the

total amount by the total number of hours worked during the week ($1,399.72 / 59.43 hours), which yields a regular rate of $20.855 per hour.

      g.      Accordingly, Defendants should have paid Named Plaintiff Wilson an overtime premium rate of $10.4275 per hour ($20.855 * 0.5) and therefore a total of $202.61 in overtime premium wages ($10.4275 * 19.43 overtime hours).

      h.      Accordingly, Defendants shorted Named Plaintiff Wilson $42.31 in overtime premium wages ($202.61 – $160.30) during this pay period.

51.      By way of another example only, during Named Plaintiff Shepherd's 1-week pay period from May 29, 2016 to June 4, 2016 (a copy of Named Plaintiff Shepherd's pay stub for this pay period is attached hereto as Exhibit B):

      a.      Named Plaintiff Shepherd worked a total of 50.1 hours.

      b.      For 21.08 hours spent working on a non-prevailing wage job (designated as "Code 1100" on Named Plaintiff Shepherd's pay stub), Defendants paid Named Plaintiff Shepherd a rate of $12.00 per hour for a total of $252.96 ($12.00 * 21.08 hours).

      c.      For 10.25 hours spent working on a prevailing wage job (designated as "Code 1115" on his pay stub), Defendants paid Named Plaintiff Shepherd a rate of $38.16 per hour for a total of $391.14 ($38.16 * 10.25 hours).

      d.      For 8.67 hours spent working on a prevailing wage job (designated as "Code 1180" on his pay stub), Defendants paid Named Plaintiff Shepherd a rate of $41.34 per hour for a total of $358.42 ($41.34 * 8.67 hours).

e. For 10.10 hours of overtime (designated as "Code 2200" on his pay stub), Defendants paid Named Plaintiff Shepherd a rate of only $18.00 per hour for a total of $181.80 ($18.00 * 10.10 hours).

f. Accordingly, Defendants paid Named Plaintiff Shepherd an overtime premium rate of only $6.00 per hour ($12.00 * 0.5) based on an incorrect regular rate of $12.00 per hour, and thus paid him only $60.60 in overtime premium wages.

g. In calculating Named Plaintiff Shepherd's correct regular rate, Defendants should have used a weighted average by adding together all remuneration (excluding overtime premiums) ($252.96 + $391.14 + $358.42 + $121.20 = $1,123.72) and then dividing the total amount by the total number of hours worked during the week ($1,123.72 / 50.1 hours), which yields a regular rate of $22.4295 per hour.

h. Accordingly, Defendants should have paid Named Plaintiff Shepherd an overtime premium rate of $11.2147 per hour ($22.4295 * 0.5) and therefore a total of $113.27 in overtime premium wages ($11.2147 * 10.1 overtime hours).

i. Accordingly, Defendants shorted Named Plaintiff Shepherd $52.67 in overtime premium wages ($113.27 – $60.60) during this pay period.

52. The above are merely two example of Defendants' practice of failing to calculate Named Plaintiffs' regular rate correctly.

53. Defendants failed to pay Named Plaintiffs proper overtime wages in this way in nearly every workweek in which Named Plaintiffs earned different hourly rates and also worked over 40 hours.

54. Defendants regularly paid/pay Class Plaintiffs different hourly rates during the same workweek.

55. Specifically, Class Plaintiffs earned/earn different hourly rates depending on whether they were performing work on a prevailing wage job or non-prevailing wage job.

56. For prevailing wage jobs, Class Plaintiffs earned/earn higher hourly rates.

57. Defendants failed/fail to use a "weighted average" when calculating Class Plaintiffs' regular rate by not adding together all of the remuneration earned by Class Plaintiffs during a workweek and dividing the total by the total number of hours worked by them, which resulted/results in Defendants failing to pay at least one and one-half times the regular rate to Class Plaintiffs for all hours worked in excess of 40 hours in each workweek.

58. Defendants failed/fail to pay Class Plaintiffs proper overtime wages in this way in nearly every workweek in which Class Plaintiffs earned/earn different hourly rates and also worked/work over 40 hours.

59. As a result of the foregoing, Named Plaintiffs and Class Plaintiffs suffered damages.

**COUNT I**
**Fair Labor Standards Act ("FLSA")**
**(Failure to pay Overtime Compensation)**
**(Named Plaintiffs and Class Plaintiffs v. Defendants)**

60. The foregoing paragraphs are incorporated herein as if set forth in full.

61. At all times relevant herein, Defendants have and continue to be employers within the meaning of the FLSA.

62. At all times relevant herein, Named Plaintiffs and Class Plaintiffs were employed with Defendants as "non-exempt employees" within the meaning of the FLSA.

63. At all times relevant herein, Defendants were responsible for paying wages to Named Plaintiffs and Class Plaintiffs.

64. Under the FLSA, an employer must pay a non-exempt employee at least one and one-half times his or her regular rate for each hour worked in excess of forty (40) hours per workweek.

65. Defendants' violations of the FLSA include failing to pay Named Plaintiffs and Class Plaintiffs at least one and one-half times their regular rate for hours worked in excess of forty (40) hours per workweek.

66. Defendants' conduct in failing to pay Named Plaintiffs and Class Plaintiffs proper overtime wages was/is willful and was/is not based upon any reasonable interpretation of the law.

67. As a result of Defendants' unlawful conduct, Named Plaintiffs and Class Plaintiffs have suffered damages as set forth herein.

**COUNT II**
**Pennsylvania Minimum Wage Act ("PMWA")**
**(Failure to pay Overtime Compensation)**
**(Named Plaintiffs and Class Plaintiffs v. Defendants)**

68. The foregoing paragraphs are incorporated herein as if set forth in full.

69. At all times relevant herein, Defendants have and continue to be employers within the meaning of the PMWA.

70. At all times relevant herein, Named Plaintiffs and Class Plaintiffs were/are employed by Defendants as "employees" within the meaning of the PMWA.

71. At all times relevant herein, Defendants were responsible for paying wages to Named Plaintiffs and Class Plaintiffs.

72. Under the PMWA, an employer must pay an employee at least one and one-half times his or her regular rate for each hour worked in excess of forty (40) hours per workweek.

73. Defendants' violations of the PMWA include failing to pay Named Plaintiffs and Class Plaintiffs at least one and one-half times their regular rate for hours worked in excess of forty (40) hours per workweek.

74. As a result of Defendants' unlawful conduct, Named Plaintiffs and Class Plaintiffs have suffered damages as set forth herein.

**COUNT III**
**Pennsylvania Wage Payment Collection Law**
**(Failure to pay Wages Earned)**
**(Named Plaintiffs and Class Plaintiffs v. Defendants)**

75. The foregoing paragraphs are incorporated herein as if set forth in full.

76. At all times relevant herein, Defendants have and continue to be employers within the meaning of the PWPCL.

77. At all times relevant herein, Named Plaintiffs and Class Plaintiffs were/are employed with Defendants as "employees" within the meaning of the PWPCL.

78. At all times relevant herein, Defendants were/are responsible for paying wages to Named Plaintiffs and Class Plaintiffs.

79. Under the PWPCL, an employer must pay an employee all wages due and may not fail to pay an employee for all hours worked.

80. Defendants' violations of the PWPCL include failing to pay Named Plaintiffs and Class Plaintiffs all wages due.

81. As a result of Defendants' unlawful conduct, Named Plaintiffs and Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiffs and Class Plaintiffs pray that this Court enter an Order providing that:

(1) Defendants are to be prohibited from continuing to maintain its illegal policy, practice or customs in violation of federal and state wage and hour laws;

(2) Defendants are to compensate, reimburse, and make Named Plaintiffs and Class Plaintiffs whole for any and all pay they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings;

(3) Named Plaintiffs and Class Plaintiffs are to be awarded liquidated damages under the FLSA in an amount equal to the actual damages in this case;

(4) Named Plaintiffs and Class Plaintiffs are to be awarded liquidated damages under the PWPCL in an amount equal to 25% of the actual damages in this case;

(5) Named Plaintiffs and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

(6) Named Plaintiffs and Class Plaintiffs are to be awarded all other relief this Court deems just and proper.

Respectfully Submitted,

*/s/ Richard Swartz*
Richard S. Swartz, Esq.
Matthew D. Miller, Esq.
Justin L. Swidler, Esq.
Joshua S. Boyette, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway North
Suite 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: January 19, 2017

## **DEMAND TO PRESERVE EVIDENCE**

1. All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiffs' and Class Plaintiffs' employment, to Named Plaintiffs' and Class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.